IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

```
                                                          FILED
                                                  UNITED STATES DISTRICT COURT
                                                       DENVER, COLORADO

                                                       MAY 0 4 2011

                                                   GREGORY C. LANGHAM
                                                                    CLERK
```

Civil Action No. 11-cv-00263-BNB

JOSEPH D. GARCIA,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
DR. JOSEPH GARY FORTUNADO, D.O. CMO-SCF,
DR. BUGLEWICZ M.D.,
DR. PAULA FRANTZ - CMO,
JOANIE SHOEMAKER - Director of Prisons [sic] Clinical Services,
U.S. SURGEON GENERAL REGINA BENJAMIN,
U.S. DEPARTMENT OF JUSTICE - U.S. ATTORNEY GENERAL ERIC H. HOLDER,
    JR.,
BEVERLY DOWIS, RN HSA, Colorado Dept. Of Corrections,
U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES - SECRETARY
    KATHLEEN SEBELIUS, and
JOHN DOE and JANE DOE 1-5,
All Named Defendants in Their Individual and Official Capacities,

    Defendants.

---

AMENDED[1] ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Joseph D. Garcia, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. He filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 for money damages. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915, and has paid the $23.00 initial partial filing fee.

---

[1] Amended to correct a typographical error in the date of the order.

The Court must construe Mr. Garcia's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Garcia will be directed to file an amended complaint.

In the Complaint, Mr. Garcia asserts four claims. In general, he asserts that Defendants have been deliberately indifferent to his serious medical needs. He alleges, *inter alia*, that Defendants have failed to properly treat many of his medical conditions, including hepatitis C, diabetic neuropathy and a seizure disorder. Mr. Garcia also asserts that the Sterling Correctional Facility has an inadequate medical facility, that the medical staff are not properly trained, and that staff refuse to prescribe the appropriate medications to treat his conditions.

The Court finds that the asserted claims, and the allegations in support of them, are verbose and repetitive. As a result, Mr. Garcia's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Garcia to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Garcia will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

Further, Mr. Garcia may not sue the State of Colorado or its entities, such as the Colorado Department of Corrections. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by

Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." ***Ramirez v. Oklahoma Dep't of Mental Health***, 41 F.3d 584, 588 (10th Cir. 1994), ***overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.***, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see **Griess v. Colorado***, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see **Quern v. Jordan***, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See **Higganbotham v. Okla. Transp. Comm'n***, 328 F.3d 638, 644 (10th Cir. 2003).

Finally, in the amended complaint he will be directed to file, Mr. Garcia must assert personal participation by each named defendant. *See **Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Garcia must name and show how named defendants caused a deprivation of his federal rights. *See **Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See **Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as United States Surgeon General Regina Benjamin, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See **Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Garcia may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated her rights. However, if

4

Mr. Garcia uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Garcia, therefore, will be directed to file an amended complaint that states his claims clearly and concisely, asserts what constitutional rights were violated, sues the proper parties, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.  Accordingly, it is

ORDERED that Plaintiff, Joseph D. Garcia, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Garcia, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form, one of which is to be used in submitting the amended complaint.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that if Mr. Garcia fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 3rd day of May, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00263-BNB

Joseph D Garcia
Prisoner No. 120364
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on May 4, 2011.

                                            GREGORY C. LANGHAM, CLERK

                                            By: _____
                                                       Deputy Clerk