IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00263-BNB

JOSEPH GARCIA, #120364,

      Plaintiff,

v.

UNITED STATES OFFICE OF DEPARTMENT OF JUSTICE - U.S. ATTORNEY
    GENERAL, WASHINGTON, D.C., ERIC H. HOLDER, JR.,
P.A. CHAMJOCK, in his individual and official capacities,
DR. BUGLEWICZ, in his individual and official capacities,
DR. PAULA FRANTZ, Chief Medical Officer, Colorado Department of Corrections, in
her individual and official capacities,

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 17 2011

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

    Plaintiff, Joseph Garcia, is a prisoner in the custody of the Colorado Department
of Corrections (DOC) and is currently incarcerated at the Sterling Correctional Facility
(SCF) in Sterling, Colorado.  Mr. Garcia initiated this action by filing a *pro se* prisoner
complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  He has been granted
leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

    On May 4, 2011, Magistrate Judge Craig B. Shaffer determined that the prisoner
complaint was deficient because it failed to comply with Rule 8 of the Federal Rules of
Civil Procedure and failed to allege the personal participation of all named Defendants.
Accordingly, Magistrate Judge Shaffer directed Mr. Garcia to file an amended prisoner

1

complaint within thirty days.  Mr. Garcia submitted an amended complaint on June 2, 2011.

The Court must construe the amended complaint liberally because Mr. Garcia is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Garcia is a prisoner and some of the Defendants are officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Garcia asserts three claims in the amended complaint.  In his first claim, he alleges that Defendants Chamjock, Buglewicz, and Frantz have been deliberately indifferent to his serious medical needs.  Mr. Garcia asserts that he has hepatitis C and that the named Defendants have refused to treat this condition.  He also asserts that they prescribed improper medications for him, which caused him to become seriously ill.

2

In his second claim, titled "Practice of Corporate Medicine at the Expense of Quality Care," Mr. Garcia appears to assert that Defendant Frantz has been deliberately indifferent to his serious medical needs. He alleges that she has instituted a policy at SCF of refusing to dispense medication to inmates at night. He also alleges that pursuant to her policy, there is no medical staff available at SCF from 8:00 p.m. to 6:00 a.m. He asserts that these policies are dangerous, have subjected him to harm, and also violate the Americans with Disabilities Act (ADA). In his third claim, Mr. Garcia alleges that Defendant Eric Holder, the Attorney General of the United States, has "failed to enforce the willful deprivation of rights under the color of law in the State of Colorado to include correctional staff misconduct, willful deprivation of property, or the intentional fabrication of evidence, resulting in the loss of liberty to another and unconstitutional conditions in the Colorado Department of Corrections . . . .." Amended Complaint at 21. Mr. Garcia seeks monetary damages in addition to injunctive relief.

In his third claim,  Mr. Garcia is suing Defendant Eric Holder because he allegedly is responsible for the constitutional violations committed by other individuals. Mr. Garcia's allegations fail to establish the personal participation of Defendant Holder. Mr. Garcia was previously warned by Magistrate Judge Shaffer that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of *respondeat superior*. *See*

3

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Mr. Garcia has failed to allege an affirmative link between the alleged constitutional violations and Defendant Holder.  Because Mr. Garcia fails to assert that Defendant Holder personally participated in violating his constitutional rights, Defendant Holder is an improper party to the action and will be dismissed.  Further, because Mr. Garcia's third claim is primarily brought against Defendant Holder, and is also repetitive of his first and second claims, this claim will also be dismissed.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Garcia's first and second claims do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge.  *See* D.C.COLO.LCivR 8.2D.  Accordingly, it is

ORDERED that Defendant Eric Holder is dismissed as a party for Plaintiff's failure to allege his personal participation.  It is

FURTHER ORDERED that Claim Three is dismissed for the reasons stated in this order.  It is

4

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __17th__ day of _____June_____, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   11-cv-00263-BNB

Joseph Garcia
Prisoner No. 120364
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on June 17, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
              Deputy Clerk