IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00263-PAB-MEH

JOSEPH GARCIA,

    Plaintiff,

v.

P. A. CHAMJOCK, in his individual and official capacities,
DR. BUGLEWICZ, in his individual and official capacities, and
DR. PAULA FRANTZ, Chief Medical Officer, Colorado Department of Corrections, in her individual and official capacities,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Motion to Dismiss [filed August 19, 2011; docket #23]. The motion is referred to this Court for recommendation. (Docket #24.) Plaintiff filed a response on November 3, 2011[1]; Defendants have not filed a reply. Oral argument would not materially assist the Court in its adjudication. For the reasons stated below based on the entire record herein, the Court **RECOMMENDS** Defendants' motion be **GRANTED**.[2]

---

[1] Plaintiff requested and received a 45-day extension of time to file a response. (Docket #29.) Per the extension, Plaintiff's response was due on or before October 13, 2011. Having received no response as of October 24, 2011, the Court issued an order directing Plaintiff to show cause why the case should not be dismissed for failure to prosecute. Plaintiff did not respond to the order, but instead filed a response to Defendants' motion on November 7, 2011. Although Plaintiff's response is untimely, the Court considers it in its analysis due to Plaintiff's status as a *pro se* inmate.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider

## BACKGROUND

Plaintiff initiated this lawsuit *pro se* on February 1, 2011. (Dockets ##1, 4.) Plaintiff is a state prisoner incarcerated at Sterling Correctional Facility ("SCF") in Sterling, Colorado. At the Court's direction [docket #10], Plaintiff filed an Amended Complaint on June 2, 2011 [docket #11]. Although Plaintiff's Amended Complaint identifies 28 U.S.C. §1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Investigation*, 403 U.S. 388 (1971) as the jurisdictional bases for his claim, the Court construes the action against state officials as if it were brought under 28 U.S.C. § 1983. (*See* docket #11, 3.)

Plaintiff's Amended Complaint names four defendants: Attorney General Eric Holder, P.A. Gatbel Chamjock, Dr. John Buglewicz, and Dr. Paula[3] Frantz. With the exception of Eric Holder, Plaintiff sues all Defendants in their individual and official capacities. Against the four Defendants, Plaintiff asserts three causes of action. Upon initial review of the Amended Complaint, Magistrate Judge Boland dismissed Eric Holder as a Defendant and dismissed Plaintiff's third claim. (Docket #12.) The remaining Defendants filed this Motion to Dismiss regarding Plaintiff's first and second claims.

Plaintiff's claims arise out of Defendants' alleged failure to provide proper medical treatment for Plaintiff's Hepatitis-C. In Claim One, Plaintiff argues that the allegedly inadequate treatment

---

frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a <u>de novo</u> determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

[3]Named in complaint as "Paul" Frantz. (*See* docket #11 at 1.)

was the result of Defendants' deliberate indifference in violation of the Eighth Amendment. (Docket #11 at 8-12.) In Claim Two, titled "Practice of corporate medicine at the expense of quality care" and "Failure to follow prescribed medical treatment," Plaintiff alleges that Defendants intentionally deprived him of necessary medications as a cost-saving measure in violation of the Geneva Convention, Department of Justice policies and procedures, and Title II of the Americans with Disabilities Act. (*Id.* at 13.) In addition to Claims One and Two, Plaintiff also alleges in the "Nature of the Case" section of his Amended Complaint that Defendants deprived him of familial association in violation of the First, Eighth, and Fourteenth Amendments. (*Id.* at 3.)

As relief, Plaintiff seeks a declaration that Defendants violated his constitutional rights, $1,000,000.00 in compensatory damages, $10,000,000.00 in punitive damages, and an order requiring SCF to sanitize its restrooms. (*Id.* at 35.)

Defendants' Motion to Dismiss asserts that: (1) Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment and are not viable under 42 U.S.C. §1983; (2) Plaintiff's tort claims are barred by the Colorado Governmental Immunity Act; (3) Plaintiff has failed to state a claim for the deprivation of familial association; (4) Defendant Frantz is entitled to qualified immunity; (5) Plaintiff has failed to alleged personal participation by Dr. Frantz; and (6) Plaintiff fails to state a claim for injunctive relief. The Court will begin by addressing the immunity defenses, determining first whether Defendants are entitled to sovereign immunity, and second, whether Dr. Frantz is entitled to qualified immunity. The Court will then proceed to analyze whether Plaintiff's tort claims are barred by the CGIA, whether Plaintiff has stated a claim for deprivation of familial association, and whether Plaintiff has stated a claim for injunctive relief.

## **STANDARDS OF REVIEW**

**I.       Dismissal of a *Pro Se* Plaintiff's Complaint**

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)). A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

**II.      Dismissal for Failure to State a Claim**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."

*Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

The Rule 12(b)(6) evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949.

The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp.*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

## ANALYSIS

### I.  Sovereign Immunity

Defendants argue that Plaintiff's official capacity claims are barred by the Eleventh

Amendment and are not cognizable under 42 U.S.C. §1983. Plaintiff's Response does not address this argument.

The Court agrees that Defendants are not subject to suit in their official capacities. Claims against state officials in their official capacities are essentially claims against the state entity. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent.") (citation and quotations omitted). It is well-established that "the Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir.1994). Absent an unmistakable waiver by a state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the Eleventh Amendment provides absolute immunity from suit in federal courts for states and their agencies. *Blatchford v. Native Village of Noatak & Circle Village*, 501 U.S. 775, 785–86 (1991). Section 1983 did not abrogate the Eleventh Amendment, nor does it provide a jurisdictional basis for suit against a state official acting in his or her official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

The Supreme Court has recognized an exception to the Eleventh Amendment for such actions where a plaintiff is seeking prospective enforcement of his or her federal rights. *See Ex parte Young,* 209 U.S. 123, 159-60 (1908). But *Young* makes it clear that this exception "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past" or as a means for seeking money damages. *Buchwald v. Univ. of New Mexico Sch. of Med.,* 159 F.3d 487, 495 (10th Cir. 1998) (citations and quotations omitted).

Here, Plaintiff alleges in his Amended Complaint that he seeks both monetary damages and a "declaration that the acts and omissions described herein violated [his] rights under the

Constitution and laws of the United States." (Docket #11 at 35.) In essence, Plaintiff seeks a declaration that Defendants have violated his rights in the past, which is not permitted pursuant to *Young*. Consequently, the Court finds that any claims for monetary damages or declaratory relief brought against Defendants in their official capacities are barred by the Eleventh Amendment. The Court recommends that the District Court grant Defendants' motion in this regard and dismiss Plaintiff's claims for monetary and declaratory relief against Defendants in their official capacities.

## II.     Qualified Immunity

Defendants assert that Dr. Frantz is entitled to qualified immunity for Plaintiff's Eighth Amendment claims. Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's actions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It is an entitlement not to stand trial or face the other burdens of litigation. *Ahmad v. Furlong,* 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations and citations omitted). The privilege is an immunity from suit rather than a mere defense to liability. *Id.* When a defendant asserts the defense of qualified immunity at summary judgment, the burden shifts to the plaintiff to overcome the asserted immunity. *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009). "The plaintiff must demonstrate on the facts alleged both that the defendant violated his constitutional or statutory rights, and that the right was clearly established at the time of the alleged unlawful activity." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818 (2009)).

In determining whether Defendant Frantz is entitled to qualified immunity, the Court will examine first whether the Plaintiff has demonstrated on supported facts that the Dr. Frantz violated his constitutional rights. If Plaintiff has established sufficient facts to support a constitutional violation, the Court will proceed to determine whether the right was clearly established at the time

7

of the alleged conduct.

As a general rule, an individual cannot be liable under section 1983 unless he or she personally participated the alleged violation. *See Iqbal*, 129 S. Ct. at 1948. In *Dodds v. Richardson*, 614 F.3d 1185 (10th Cir. 2010), the Tenth Circuit recognized that the Supreme Court, in *Iqbal*, further narrowed the already limited theory of supervisory liability. The *Dodds* court explained *Iqbal*'s holding that "when a plaintiff sues an official under *Bivens* or § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds*, 614 F.3d at 1198 (quoting *Iqbal*, 129 S. Ct. at 1949).

Plaintiff's claims against Defendant Frantz arise largely out of her supervision and oversight of the medical programs in which Plaintiff received treatment. (*See* docket #11 at 10-12.) Plaintiff also alleges that Dr. Frantz "has refused [him] treatment"; however, Plaintiff provides no factual context for this claim. (*See id.* at 9.) Without more, it is unclear whether Dr. Frantz personally refused Plaintiff treatment, or whether Plaintiff imputes the alleged refusal to Dr. Frantz because she is a supervisor. Because Plaintiff has not shown he had direct contact with Dr. Frantz, the Court confines its analysis to Dr. Frantz' actions as a supervisor.

In Claim One, Plaintiff alleges that Dr. Frantz "failed to supervise her subordinates[,]knowing [Plaintiff] had a serious medical need...[,]" that she "violated her own customs and her own policy[,]" and that she "discriminates (sic) and fails to accommodate inmates with 'seizure disorders'" by "allow[ing] the pharmacy and her medical staff to abruptly stop seizure med[ications] for no valid reasons." (*Id.* at 10-12.) Plaintiff also accuses Dr. Frantz of " abus[ing] her authority and mak[ing] decisions beyond her qualifications." (*Id.* at 12.)

8

In Claim Two, Plaintiff cites Dr. Frantz in connection with the "the practice of corporate medicine" but does not specify how Dr. Frantz was personally involved the deprivation of which Plaintiff complains. (*Id.* at 13.) Plaintiff goes on to assert that Dr. Frantz "allowed SCF Clinical services to conspire [to] cut the budget by stopping nighttime medication dispensing[,]" and, again, that she "failed to enforce the ['Medical Care'] policies and procedures." (*Id.*)

Although numerous, none of these statements provide the Court with a factual basis for plausibly finding that Dr. Frantz herself violated the Constitution by virtue of her own conduct and state of mind. *See Dodds*, 614 F.3d at 1198 (citations and quotations omitted). Because Plaintiff has failed to plead facts showing Dr. Frantz' personal participation in the Constitutional violations at issue in this lawsuit, the Court finds that Dr. Frantz is entitled to qualified immunity and recommends dismissal of all claims against Dr. Frantz on that basis.

## III.   Tort Claims

In describing the "Nature of the Case," Plaintiff asserts a state law claim against Defendants for "outrageous conduct" and a general claim against Defendants for "medical negligence/negligent care." (Docket #11 at 3.) Although these claims are not clearly articulated in the designated causes of action, the Court construes Plaintiff's Amended Complaint liberally to incorporate the "Nature of the Case" into Claims One and Two. Defendants argue that the Court lacks jurisdiction over these claims because Plaintiff failed to comply with the Colorado Governmental Immunity Act ("CGIA"). In particular, Defendants assert that Plaintiff failed to file a notice of claim, as required by Colo. Rev. Stat. §24-10-109 (2011), and that Plaintiff's claims do not fall within any category for which the General Assembly has waived governmental immunity.

Plaintiff's claim for medical malpractice can be construed in two ways. First, as Defendants argue, Plaintiff's medical malpractice claim appears to be a common law negligence action governed

9

by state law. However, it is also possible to construe Plaintiff's claim of medical negligence under the Eighth Amendment as a claim for deliberate indifference. Under this latter construction, the CGIA would not apply. Thus, although Plaintiff's medical negligence claim cites neither the common law standard nor the Eighth Amendment, the Court construes Plaintiff's amended complaint liberally and proceeds as if Plaintiff contemplates relief under both. Having addressed Plaintiff's Eighth Amendment claim for medical negligence against Defendant Frantz above, the Court turns to Plaintiff's common law negligence claims against all Defendants.

The CGIA requires "any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment...[to] file a written notice" with either the Attorney General or with the relevant public entity within 180 days from the time the injury is discovered. Colo. Rev. Stat. § 24-10-109(1) (2011). Such notice is not merely a formality, but rather "a jurisdictional prerequisite to any action." *Id.* Failure to comply with the notice requirement "shall forever bar any such action." *Id.*

First, the Court examines whether the injuries Plaintiff alleges are covered by the statute. The CGIA defines "injury" as "death, injury to a person, damage to or loss of property, of whatsoever kind, which, if inflicted by a private person, would lie in tort or *could lie in tort* regardless of whether that may be the type of action or the form of relief chosen by claimant." Colo. Rev. Stat. § 24-10-103(2) (2011) (emphasis added). Plaintiff's claim of "outrageous conduct" unquestionably meets this requirement, as Plaintiff himself classifies the action as a violation of state law. Likewise, while it is possible to construe Plaintiff's medical negligence claim as a claim for relief under the Eighth Amendment, it, too, falls within the CGIA in that it is also a claim that "could lie in tort." *See id.*

The Court turns next to whether Defendants are the type of employees covered by the CGIA.

The CGIA defines "public employee" as "an[y] officer, employee, servant, or authorized volunteer of [a] public entity..." Colo. Rev. Stat. § 24-10-109(4)(a) (2011).  Defendants Chamjock and Frantz are covered by the CGIA, as they are both employed directly by the Department of Corrections. (Docket #23-2.)  In addition, Colo. Rev. Stat. § 17-1-103(3)(d) (2011) states that a member of a panel of medical consultants established by the Department of Corrections is considered a "public employee" for purposes of the CGIA.  By this definition, Defendant Buglewicz, who is a physician member of the Department of Corrections' panel of medical consultants, is also a public employee entitled to the protections of the CGIA.  (Docket #23-1.)

Because Plaintiff's claims for "outrageous conduct" and medical negligence constitute "injuries" and Defendants are "public employees" within the meaning of the CGIA, Plaintiff was required to file notice within 180 days after he discovered his injury.  *See* Colo. Rev. Stat. § 24-10-109(1) (2011).  Plaintiff claims the alleged injuries began on April 16, 2009. (Docket #11 at 3.)  The record reflects that, as of August 19, 2011, more than two years later, Plaintiff had filed no notice of the injury.  (Docket #23-3.)

Even if Plaintiff had timely filed a notice of his claims within the required period, his tort claims would still be barred because the Colorado General Assembly has not waived immunity for these causes of action.  While the CGIA grants broad immunity to public employees for all claims that lie in tort, the Act carves out some areas in which governmental immunity is waived.  *See* Colo. Rev. Stat. § 24-10-106(1) (2011).  Although the CGIA includes an exception for torts arising from "dangerous condition[s]" that exist in any public jail (Colo. Rev. Stat. § 24-10-106(1)(e) (2011)), the exception "does not apply to claimants who have been convicted of a crime and incarcerated in a correctional facility or jail pursuant to such conviction..." Colo. Rev. Stat. § 24-10-106(1.5)(a) (2011).  Plaintiff is an inmate incarcerated in a state correctional facility pursuant to a criminal

conviction; therefore, the exceptions to governmental immunity do not apply to his claims.

Because Plaintiff has failed to satisfy the jurisdictional prerequisite of the CGIA by filing notice of his alleged injury, and because the CGIA does not waive governmental immunity in this instance, Plaintiff's claims against Defendants for outrageous conduct and medical negligence are barred insofar as they are construed as actions in tort. Accordingly, the Court recommends dismissal of these claims.

**IV.    Familial Association Claim**

Although Plaintiff asserts no formal cause of action for the deprivation of familial association, the Court construes his Amended Complaint liberally to incorporate his statements describing the "Nature of the Case." With respect to this claim, Plaintiff simply alleges "First[,] Eighth[,] and Fourteenth Amendment deprivation of familial association against all defendants" beginning on April 16, 2009 and continuing through the present. (Docket #11 at 3.)

To state a claim for the deprivation of familial or intimate association, a plaintiff must allege "intent to interfere with a particular relationship..." *Trujillo v. Board of County Commissioners*, 768 F.2d 1186, 1190 (10th Cir. 1985). In this case, Plaintiff has not identified any particular relationship, familial or otherwise, of which he has been deprived. Moreover, Plaintiff has failed to allege intent on the part of Defendants to achieve the supposed deprivation. Indeed, Plaintiff has provided no facts nor information in support of this claim beyond the single allegation contained in his description of the case. Without more, the Court finds that Plaintiff's Amended Complaint does not contain sufficient facts to state a claim for deprivation of familial association that is plausible on its face. *See Iqbal*, 129 S. Ct. at 1949. Therefore, to the extent that Plaintiff asserts a claim for the deprivation of familial association, the Court recommends it be dismissed.

## V.     Claim for Injunctive Relief

Plaintiff's Amended Complaint requests an order from the Court requiring the Sterling Correctional Facility to "properly sanitize and disinfect the [b]athrooms and showers" because the facilities are allegedly a health hazard. (Docket #11 at 35.) Defendants note that SCF is not a party to this lawsuit, nor are any of the Defendants named in this lawsuit responsible for maintenance of the facility. (Docket #23 at 14.) Notably, Plaintiff attached a revised "Request for Relief" to his Response brief. (Docket #37, 6.) Plaintiff's second "Request for Relief" makes no reference to restroom sanitation. (*Id.*)

Construing Plaintiff's Amended Complaint as the controlling pleading, the Court finds that Plaintiff's request for injunctive relief against a non-party is improper. The Tenth Circuit has applied a heightened standard for litigants seeking injunctive relief against non-parties. *See Andrews v. Andrews*, 160 F. App'x 798, 800 (10th Cir. 2005) ("While the non-party status of an injunction's target may thus no longer be a conclusive impediment, it nevertheless heightens the hurdle that must be cleared to obtain the injunction[.]") When an injunction is sought against non-parties, the movant must, at a minium, "advance considerations satisfying the traditional injunction factors." *Id.* In this case, Plaintiff simply claims that the restrooms are unsanitary and "infectious." (Docket #11 at 35.) Plaintiff has not alleged that he sustained any injury as a result of the restroom conditions, much less one that is irreparable. Because Plaintiff's claim for injunctive relief does not meet even the traditional injunction standard, it certainly does not meet the heightened standard applied to non-parties. Therefore, the Court recommends dismissing Plaintiff's claim for injunctive relief involving the bathrooms and showers of SCF.

## **CONCLUSION**

Based on the foregoing and the entire record herein, the Court RECOMMENDS Defendants'

Motion to Dismiss [filed August 19, 2011; docket #23] be **GRANTED**, and that the District Court dismiss 1) Plaintiff's official capacity claims; 2) all claims against Defendant Frantz; 3) Plaintiff's negligence and outrageous conduct claims insofar as they are construed as actions in tort; 4) Plaintiff's claims for deprivation of familial association; and 5) Plaintiff's claim for injunctive relief regarding the sanitation of restrooms at SCF.

Dated and entered at Denver, Colorado, this 20th day of December, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge