IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00263-PAB-MEH

JOSEPH GARCIA #120364,

     Plaintiff,

v.

P.A. CHAMJOCK, in his individual and official capacities,
DR. BUGLEWICZ, in his individual and official capacities,
DR. PAULA FRANTZ, Chief Medical Officer, Colorado Department of Corrections, in
her individual and official capacities,

     Defendants.

---

**ORDER**

---

This matter is before the Court on Defendants' Motion to Dismiss [Docket No. 23] filed by Paula Frantz, Gatbel Chamjock, and John Buglewicz.  Magistrate Judge Michael E. Hegarty issued a Recommendation [Docket No. 38], to which plaintiff has objected [Docket No. 39].  The Court takes up defendants' motion in light of plaintiff's objections and conducts the requisite de novo review.

## I.  BACKGROUND

Plaintiff Joseph Garcia is a state prisoner incarcerated at Sterling Correctional Facility ("SCF") in Sterling, Colorado.  Mr. Garcia asserts that he suffered damages because defendants failed to provide proper medical treatment and provided inadequate treatment for his serious medical condition–Hepatitis C.  As the Recommendation includes a thorough summary of the claims asserted in plaintiff's amended complaint [Docket No. 11], the Court will not recite them here.

## II.  STANDARD OF REVIEW

When a party files timely objections to a magistrate judge's recommendation of a dispositive motion, a district court reviews the objected-to portion of the recommendation de novo.  Fed. R. Civ. P. 72.  As plaintiff is proceeding *pro se*, the Court liberally construes his pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court may not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

## III.  ANALYSIS

### A.  Sovereign Immunity

Defendants assert that Mr. Garcia's claims for damages against defendants in their official capacities are barred by the Eleventh Amendment.  Docket No. 23 at 4. Defendants claim that because Mr. Garcia's claims are brought against state officials in their official capacities they are construed as claims against the state itself.  *Id*. Defendants allege that official capacity claims are barred against individuals when acting in their official capacities because they are not "persons" subject to suit under 42 U.S.C. § 1983.  Mr. Garcia's objections do not address this argument.

Judge Hegarty found that, because the Eleventh Amendment prevents a federal court from assessing damages against state officials in their official capacities, "any claims for monetary damages or declaratory relief brought against Defendants in their official capacities are barred by the Eleventh Amendment."  Docket No. 38 at 7.  The Court agrees with Judge Hegarty and therefore adopts this portion of the Recommendation.

2

### B.   Negligence and Outrageous Conduct Claims

Defendants allege that the Court lacks jurisdiction over Mr. Garcia's tort claims for outrageous conduct and medical negligence.  Docket No. 23 at 5.  Defendants argue that, because these are state law tort claims, Mr. Garcia was required to comply with the Colorado Governmental Immunity Act's ("CGIA") notice provisions prior to filing the claims before the Court.  *Id*.  Defendants assert that the notice provisions of the CGIA require that an individual making a claim against a governmental entity must file notice with the appropriate state office within 180 days after the discovery of an injury.  *Id*. at 6.  According to defendants, Mr. Garcia's failure to comply with the CGIA is a complete bar to his claims and strips the Court of jurisdiction.  *Id*. at 8.

In the alternative, defendants argue that, even if plaintiff had previously filed a notice of claim, his tort claims are barred by the CGIA because the State of Colorado has not waived immunity.  Docket No. 23 at 8.  Defendants argue that, under the CGIA, public employees are immune from tort claims unless the torts fall within designated categories.  *Id*.  Defendants assert that, because inmates convicted of crimes are not covered by the CGIA waiver of immunity, Mr. Garcia is barred from pursuing any state law tort claims against defendants.  *Id*. at 9.

In the Recommendation, Judge Hegarty liberally construed Mr. Garcia's claims for medical negligence and outrageous conduct and concluded that Mr. Garcia asserts both state law tort claims and a federal law claim for deliberate indifference of a serious medical condition in violation of the Eighth Amendment.  Docket No. 38 at 9-10.  Accordingly, Judge Hegarty found that, because Mr. Garcia's claims for outrageous

conduct and medical negligence constituted "injuries" under the CGIA and defendants were "public employees" within the meaning of the CGIA, he was required to file notice with the state within 180 days of discovering his injury.  *Id*. at 11.  Judge Hegarty found that Mr. Garcia failed to provide the state with notice within the prescribed statutory period.  *Id.*  Accordingly, Judge Hegarty concluded that Mr. Garcia's failure to file a notice stripped the Court of jurisdiction over his state law tort claims.

Judge Hegarty also found that, even if Mr. Garcia had filed a timely notice of his claims, he could not pursue his state law tort claim because the waiver of governmental immunity under the CGIA did not apply in this instance.  Docket No. 38 at 11.  Because Mr. Garcia is an inmate incarcerated in a state correctional facility pursuant to a criminal conviction, Judge Hegarty found that his claims are barred because Colorado's waiver of immunity does not "apply to claimants who have been convicted of a crime and incarcerated in a correctional facility or jail pursuant to such conviction."  *Id*.; Colo. Rev. Stat. § 24-10-106(1.5)(a).

In his objections, Mr. Garcia argues that "[e]ven though the state will be paying for damages . . . [the] CGIA, does not turn the claim of officials in their individual capacities into a suit against the State."  Docket No. 39 at 5.  Mr. Garcia further asserts that he has filed three prior notices through grievance procedures notifying defendants of his injury.  *Id*. at 5-6.  Moreover, he states that this appeal process "culminated with another formal notice in the form of the complaint to the Courts and Attorney General."  *Id*.

Under the CGIA, public employees are granted immunity from tort claims that arise out of an act or omission occurring during the performance of duties and within

the scope of employment.  Colo. Rev. Stat § 24-10-118(2)(a).  Public employees, however, are not immune from tort claims if the employees' acts or omissions causing injury were "willful and wanton."  *Id*.  The CGIA requires that a claimant who has "suffered an injury by a public entity or by an employee thereof while in the course of such employment" must provide written notification within 180 days of the discovery of the injury.  Colo. Rev. Stat. § 24-10-109(1).  The requirements for the content of the notice and the entity to which notice must be given are specified in Colo. Rev. Stat. § 24-10-109(2) and (3).  The notice requirement is not merely a formality, and a failure to provide notice to the proper entity in the proper form bars the claim.  Colo. Rev. Stat. § 24-10-118(1)(a); *see Middleton v. Hartman*, 45 P.3d 721, 730 (Colo. 2002) ("the plain language of the notice-of-claim provisions unambiguously requires notice in a suit against a state employee in which the plaintiff seeks to hold the state employee personally liable").

To the extent Mr. Garcia argues that public employees are not immune from tort claims in their individual capacities, the Court disagrees.  As the statute unambiguously states, public employees are immune from personal liability "in any claim for injury" unless the employees' actions causing injury are "willful and wanton."  Colo. Rev. Stat. § 24-10-118(2)(a).  Moreover, Colorado courts have recognized that the application of the notice-of-claim provisions does not turn on the existence of immunity.  *Middleton*, 45 P.3d at 731.  Regardless of whether public employees are afforded immunity under the CGIA, a plaintiff is required to comply with the CGIA's notice-of-claim provisions before filing an action in court.  *Id*. at 730.  Thus, for Mr. Garcia's tort claims to survive defendants' motion to dismiss, he must show that he provided notice to the appropriate

5

state agencies within 180 days of his injury.  Mr. Garcia has not done so.

Although Mr. Garcia alleges that he provided notice "directly by the grievance procedure," Docket No. 39 at 5-6, he does not allege that these procedures are the same procedures mandated by the CGIA.[1]  Additionally, Mr. Garcia does not assert a specific date on which he filed the grievances.  Moreover, Mr. Garcia's first formal notice of his intent to sue in this case occurred on February 1, 2011, Docket No. 1, which is almost two years after April 16, 2009, the date of his alleged injuries.  Docket No. 11 at 3.  Accordingly, the Court finds that, because Mr. Garcia failed to comply with the CGIA's notice provisions, the Court lacks jurisdiction over his state law tort claims.

Mr. Garcia does not object to the application of the CGIA to his tort claims.  The Court, upon de novo review, agrees with Judge Hegarty's findings that the CGIA applies.  The Court also agrees with Judge Hegarty that plaintiff's state law tort claims are barred by the CGIA because Colorado did not waive immunity to plaintiff's tort claims.  *See* Colo. Rev. Stat. § 24-10-106(1.5)(a); *Middleton*, 45 P.3d at 729. Therefore, because Mr. Garcia failed to provide notice under the CGIA and since the CGIA does not waive governmental immunity in this instance, Mr. Garcia's state law claims for outrageous conduct and medical negligence are dismissed.  Nevertheless, Mr. Garcia may pursue his Eighth Amendment claims against defendants subject to limitations discussed in later sections of this Order.

---

[1]An affidavit by Stacy Mortenson, a custodian of notice of claim files with the Colorado Attorney General's Office, states that, as of August 19, 2011, her office had "[n]o official notice of claim filed by or on behalf of Joseph Garcia."  Docket No. 23-3 at 2.

### C.   Familial Association Claim

Mr. Garcia has not objected to this part of the Recommendation.  In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  The Court has reviewed the Recommendation on this claim to determine whether there is clear error on the face of the record.  The Court concludes that the Recommendation on this claim is a correct application of the facts and law. Accordingly, the Court dismisses Mr. Garcia's familial association claim.

### D.   Dr. Frantz

Defendants argue that Mr. Garcia's § 1983 claims against Dr. Frantz are barred because he has failed to assert Dr. Frantz's personal participation in the alleged unconstitutional conduct.  Docket No. 23 at 10.  Defendants also state that, to the extent Mr. Garcia brings a claim against Dr. Frantz in her supervisory capacity, the Court should dismiss the claim because Mr. Garcia has failed to describe any actual policies promulgated by Dr. Frantz.  *Id.* at 12.  Furthermore, defendants contend that Mr. Garcia has failed to show how Dr. Frantz's failure to implement any individual policy led to a violation of his constitutional rights.  *Id*.  Finally, defendants request that the Court dismiss all claims against Dr. Frantz because she is entitled to qualified immunity. *Id.* at 13-14.

In the Recommendation, Judge Hegarty limited his analysis to Dr. Frantz's actions as a supervisor because Mr. Garcia had not alleged sufficient facts to assert a claim against Dr. Frantz based on direct participation.  Docket No. 38 at 8.  Judge Hegarty found that none of Mr. Garcia's numerous allegations provided a "factual basis for plausibly finding that Dr. Frantz herself violated the Constitution by virtue of her own conduct and state of mind."  *Id.* at 9.  Accordingly, Judge Hegarty recommended dismissal of all claims against Dr. Frantz.

In his objections, Mr. Garcia clarifies that his claim against Dr. Frantz stems from her promulgation, implementation, and continued operation of cost-cutting measures throughout the Department of Corrections.  *See* Docket No. 39 at 3 ("Defendant Paula Franz (sic) has created a policy that allowed the wrong to occur.").  Mr. Garcia claims that Dr. Frantz has instituted a policy at SCF restricting the distribution of medication to inmates at night as well as removing all medical staff from SCF between 8:00 p.m. and 6:00 a.m.  Docket No. 11 at 13 ¶ 48.  Mr. Garcia also alleges that, based on Dr. Frantz's policies, Dr. Buglewicz and P.A. Chamjock were required to cut costs by denying inmates proper and needed medications, which led to Mr. Garcia's hospitalization on October 17, 2010.  Docket No. 39 at 3; *see also* Docket No. 11 at 8, ¶ 29 ("Dr. Buglewicz prescribed the Naproxen instead of Neuronton due to the formulary budget constraints on 8-17-10.").  Additionally, Mr. Garcia lists several policies he claims Dr. Frantz has failed to implement or failed to enforce as Chief Medical Officer.  *See* Docket No. 11 at 14, ¶ 51.

Because Mr. Garcia does not assert any personal involvement by Dr. Frantz in his medical care, the Court will focus its analysis on Dr. Frantz's potential liability as a

8

supervisor.  Supervisor liability "allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, [or] implements . . . a policy . . . which subjects, or causes to be subjected that plaintiff to the deprivation of any rights" secured by the Constitution. *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).  A supervisor may be subject to liability under § 1983 if the plaintiff alleges an affirmative link between the alleged violation and the defendant's participation or failure to act or supervise. *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Section 1983 does not authorize liability under a theory of respondeat superior.  *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011).  Thus, a plaintiff may succeed in a § 1983 suit against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm; and (3) the defendant acted with the state of mind required to establish the alleged constitutional deprivation.  *Dodds,* 614 F.3d at 1199.  This standard follows the requirement set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), that § 1983 liability may only be imposed upon those defendants whose own individual actions cause a constitutional deprivation.  *Dodds,* 614 F. 3d at 1200; *see also Davis v. City of Aurora*, 705 F. Supp. 2d 1243, 1264 (D. Colo. 2010) ("where an official with policymaking authority creates, actively endorses, or implements a policy which is constitutionally infirm, that official may face personal liability for the violations which result from the policy's application.").

Generally, government defendants sued under § 1983 in their individual capacities have qualified immunity when their conduct does not violate clearly

established statutory or constitutional rights which a reasonable person would have

known. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993).  In resolving a motion to

dismiss based on qualified immunity, a court must consider whether the facts that a

plaintiff has alleged make out a violation of a constitutional right, and whether the right

at issue was clearly established at the time of defendant's alleged misconduct.

*Leverington v. City of Colo. Springs*, 643 F.3d 719, 732 (10th Cir. 2011).  In *Pearson v.*

*Callahan*, 555 U.S. 223 (2009), the Supreme Court held that "judges of the district

courts and the courts of appeals are in the best position to determine the order of

decisionmaking that will best facilitate the fair and efficient disposition of each case."

*Id*. at 242.  Therefore, Courts have discretion to "decid[e] which of the two prongs of the

qualified immunity analysis should be addressed first in light of the circumstances in the

particular case at hand."  *Id*. at 236.  Because it is clearly established that deliberate

indifference to a serious medical condition establishes an Eighth Amendment violation,

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994), the Court will address whether Mr.

Garcia has alleged enough facts to establish that Dr. Frantz's promulgation of policies

led to a violation of Mr. Garcia's constitutional rights.

        To establish an Eighth Amendment claim premised upon deliberate indifference

to serious medical needs, Mr. Garcia must show both an objective and a subjective

component.  *Farmer*, 511 U.S. at 834.  The objective component requires that a plaintiff

show that he had a sufficiently serious medical condition that has been diagnosed by a

physician as mandating treatment or a condition that is so obvious that a lay person

would easily recognize the need for a doctor's attention.  *Hunt v. Uphoff*, 199 F.3d

1220, 1224 (10th Cir. 1999).  The subjective component is met if the defendant

deprived plaintiff of treatment of a serious medical condition and the defendant did so

with a sufficiently culpable state of mind.  *Farmer*, 511 U.S. at 834.  To show deliberate

indifference, it is not enough to show that a defendant provided ineffective or even

negligent medical treatment, *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008);

an Eighth Amendment violation arises only where a defendant subjectively knows of an

excessive risk to the plaintiff's safety, but nevertheless disregards that risk.  *Sealock v.

Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000).  If a plaintiff's treatment was merely

delayed, rather than refused, he must show that the delay caused him "substantial

harm."  *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).

Here, Mr. Garcia's allegations meet the objective component of an Eighth

Amendment claim, given that he suffers from Hepatitis C and asserts that defendants

deprived him of treatment, which led to his hospitalization on October 17, 2010.  *See*

Docket No. 11 at 8, ¶¶ 27-30.  Thus, to overcome Dr. Frantz's defense of qualified

immunity, Mr. Garcia must allege sufficient facts showing that Dr. Frantz implemented

the cost-cutting policies despite her knowledge that they created an excessive risk to

Mr. Garcia's safety (or to others similarly situated) because he suffered from

Hepatitis C.  *See Dodds*, 614 F.3d at 1204 (noting that a plaintiff must show that a

defendant-supervisor acted with the same state of mind required for the constitutional

deprivation plaintiff alleges).

However, Mr. Garcia's allegations, taken as true, do not meet this standard.  He

has failed to identify a specific policy or procedure promulgated by Dr. Frantz which led

directly to his hospitalization on October 17, 2010.  Moreover, for the policies Mr. Garcia

does list, he does not explain the "affirmative link" between these policies and a denial

of medical treatment.  Mr. Garcia's complaints center primarily around the delay in the

receipt of medical treatment that allegedly occurs because of Dr. Frantz's policies.  *See,*

*e.g.,* Docket No. 11 at 12, ¶ 43 (Dr. Frantz's policy allows pharmacy to "abruptly stop

seizure med[ication]").  However, a delay in the receipt of medical treatment does not

equate a denial of medical treatment.  When a plaintiff alleges that treatment is merely

delayed and not denied, the plaintiff must allege that the delay itself causes "substantial

harm."  *Mata*, 427 F.3d at 751.  To assert "substantial harm," a plaintiff must allege

some lifelong handicap or permanent loss.  *Garrett v. Stratman*, 254 F.3d 946, 950

(10th Cir. 2001).  Mr. Garcia has alleged neither a lifelong handicap nor permanent loss

arising from the delay in treatment.  Accordingly, Mr. Garcia has not alleged sufficient

facts establishing that Dr. Frantz was deliberately indifferent to his medical needs when

she implemented the cost-cutting measures.

Mr. Garcia's secondary allegations assert that Dr. Frantz's cost-cutting policies

led Dr. Buglewicz to prescribe improper medication.  However, even assuming that

plaintiff's allegations show that Dr. Buglewicz followed Dr. Frantz's policies, Mr. Garcia

has failed to show that Dr. Frantz implemented the policies with deliberate indifference

to Mr. Garcia's serious medical needs or the needs of others similarly situated.  In other

words, Mr. Garcia has failed to allege that Dr. Frantz implemented cost-cutting policies

knowing they created an excessive risk to the safety of inmates with Hepatitis C, but

nevertheless disregarded this risk.  *Sealock*, 218 F.3d at 1209 (noting that an Eighth

Amendment violation arises only where a defendant subjectively knows of an excessive

12

risk to the plaintiff's safety, but nevertheless disregards that risk).  The facts as alleged

only show that Dr. Buglewicz prescribed Naproxen even though Naproxen could cause

a negative reaction with another medication already prescribed to Mr. Garcia.  Mr.

Garcia does not assert that Dr. Frantz's policies required that Dr. Buglewicz prescribe

the wrong medication, nor does Mr. Garcia argue that Dr. Frantz knew that prescribing

the wrong medication to inmates with Hepatitis C was a foreseeable result of the

cost-cutting measures.  Thus, Mr. Garcia's failure to assert Dr. Frantz's deliberate

indifference to his injuries forecloses liability.  Mr. Garcia has not shown that the injuries

he suffered on October 17, 2010 are causally linked to Dr. Frantz's policies,

independent of an inadvertent error.  *See Duffield*, 545 F.3d at 1238 (noting that, to

show deliberate indifference, it is not enough to show ineffective or negligent medical

treatment).

As a result, Mr. Garcia's failure to allege that Dr. Frantz acted with the requisite

state of mind when she implemented prison policies renders Mr. Garcia's allegations

insufficient to impose § 1983 supervisor liability upon Dr. Frantz without improperly

implicating respondeat superior.  *Dodds*, 614 F.3d at 1205.  Accordingly, Dr. Frantz is

entitled to qualified immunity since she did not possess the requisite state of mind to

establish an Eighth Amendment violation, and all of Mr. Garcia's claims against Dr.

Frantz are dismissed.

### E.   Injunctive Relief

Defendants argue that Mr. Garcia fails to state a claim against them for injunctive

relief because defendants are not the officials at SCF responsible for facility

maintenance.  Docket No. 23 at 14.

In the Recommendation, Judge Hegarty found that plaintiff's claim for injunctive relief was improper because it sought relief against a non-party.  Docket No. 38 at 13. Accordingly, Judge Hegarty recommended dismissing plaintiff's claim for injunctive relief involving the bathrooms and showers at SCF.  *Id.*  Upon consideration of plaintiff's objection and upon de novo review, the Court agrees with Judge Hegarty's findings and dismisses plaintiff's claim for injunctive relief.

## IV.  CONCLUSION

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 38] is **ACCEPTED**.  It is further

**ORDERED** that Defendants' Motion to Dismiss [Docket No. 23] is **GRANTED**.  It is further

**ORDERED** that all of plaintiff's claims seeking monetary and declaratory relief against defendants Paula Frantz, Gatbel Chamjock, and John Buglewicz in their official capacities are **DISMISSED**.  It is further

**ORDERED** that plaintiff's state law tort claims for outrageous conduct and medical negligence are **DISMISSED**.  It is further

**ORDERED** that plaintiff's familial association claim is **DISMISSED**.  It is further

**ORDERED** that all of plaintiff's claims against Paula Frantz in her individual and official capacities are **DISMISSED**.  It is further

**ORDERED** that plaintiff's claim for injunctive relief is **DISMISSED**.  It is further

**ORDERED** that this case will proceed on plaintiff Joseph Garcia's Eighth

Amendment claims against defendants Gatbel Chamjock and John Buglewicz in their

individual capacities only.

DATED February 27, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge